UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA

BETTY SUE TOOMEY AND PERRY TOOMEY,

    Plaintiffs,

v.

COLOPLAST CORP.,

    Defendant.

Civil Action No.: 3:19-cv-00130-RJC-DSC

## AGREED ORDER
## REGARDING THE PRODUCTION OF DOCUMENTS AND
## ELECTRONICALLY STORED INFORMATION

In order to meet their responsibilities under the Federal Rules of Civil Procedure relative to the production of electronically stored information, and to address the method of production of physically stored information, the parties have stipulated to and petitioned the court to enter the following Agreed Order Regarding the Production of Documents and Electronically Stored Information in this matter, attached as **Exhibit A**. It is ORDERED that the Stipulation attached as Exhibit A applies to the parties in this case until further order of the Court.

DATE ENTERED: 6.11.19

ROBERT J. CONRAD JR.
UNITED STATES DISTRICT JUDGE

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA

BETTY SUE TOOMEY AND PERRY TOOMEY,

      Plaintiffs,

v.

COLOPLAST CORP.,

      Defendant.

Civil Action No.: 3:19-cv-00130-RJC-DSC

EXHIBIT A

AGREED ORDER
REGARDING THE PRODUCTION OF DOCUMENTS AND
ELECTRONICALLY STORED INFORMATION

The parties agree that production of electronically stored information shall be conducted as set forth herein.

I. **PRODUCTION FORMAT OF THE PARTIES' ELECTRONICALLY STORED INFORMATION**

    A. **Preamble**

        1. Parties will use reasonable efforts to comply with the terms of this production format. In the event a party determines that it cannot materially comply with any requirement herein, that party will disclose its inability to comply, and the parties will meet and confer regarding resolution of the identified issue before seeking Court intervention. The parties acknowledge that Defendant Coloplast Corp. ("Coloplast") has already searched for, reviewed, and produced documents and electronically stored information in other litigation asserting claims involving Coloplast's surgical mesh implant, some of which may be discoverable in this case. Without agreeing that the existence of other litigation should be addressed during the trial of this case, in an effort to increase efficiency and reduce costs for all parties, and consistent

with the proportionality requirements of the Federal Rules of Civil Procedure, Coloplast may rely on documents and electronically stored information searched for, reviewed, and produced in other litigation to the extent it is discoverable in this case.

**B.    Format of Production**

    **1.    Paper Documents**

Paper documents will be produced either in hard copy form or scanned, imaged, and produced as TIFF images (consistent with the specifications in Section I.B.2.b.). All TIFF images, should have logical page breaks, and the production will include the appropriate Load/Unitization files which will, at a minimum, contain the following fields (described in detail in Section I.B.2.f. infra.).

    (a) Beginning Production Number (ProdBeg)

    (b) Ending Production Number (ProdEnd)

    (c) Beginning Attachment Production Number (BegAttach)

    (d) End Attachment Production Number (EndAttach)

    (e) Custodian/Source

    (f) Confidentiality

    (g) Document Type

    (h) Page Counts

    (i) OCR.TXT file

    **2.    ESI**

        a.    In the absence of agreement of the parties or order of Court, a Static Image will be provided in TIFF format (.TIF files). The image file names shall match the Bates number assigned to the image. All documents are to be provided with multi-page searchable OCR or Extracted Text files, as described in Section I.B.2.c.

b.  All TIFF-formatted documents will be single page, Group 4 TIFF at 300 x 300 dpi resolution and 8.5 x 11 inch page size, except for documents that in the producing party's reasonable judgment require a different resolution or page size. Documents containing color need not be produced in color. However, should any party make a reasonable request for a color version of any document, the producing party shall make reasonable efforts to honor that request. Any documents produced in color should be produced in JPG format.

c.  **Text Files.** For each TIFF-formatted document, a single text file shall be provided along with the image files and metadata. The text file name shall be the same as the Bates number of the first page of the document. File names shall not have any special characters or embedded spaces. Electronic text must be extracted directly from the native electronic file unless the document was redacted, an image file, or a hard copy document. In these instances, a text file shall be created using OCR and shall be produced in lieu of extracted text. Defendant will produce text files encoded using the Windows Western-European-1252 (a.k.a. ANSI or CP125) standard.

d.  **Microsoft Excel Spreadsheets and PowerPoint Presentations.** Microsoft Excel Spreadsheets shall be produced with all rows and columns expanded and capable of being viewed within the TIFF image. If a party believes that the TIFF image is not reasonably usable for purposes of this case, the parties agree to meet and confer regarding the production of that spreadsheet in native form. PowerPoint presentations shall be produced as TIFF images, which shall include all speaker notes and "hidden" slides. If a party believes that the TIFF image is not reasonably usable for purposes of this case, the parties agree to meet and confer regarding the production of that presentation in native form.

e.  The producing party does not have an obligation to produce native files. If native files are produced, they will be produced with the source file provided, as well as all extracted text and applicable metadata fields set forth in Section I.B.2.f.

f.  There will be two Load/Unitization files accompanying all productions. One will be the Image load file and the other will be the Metadata load file. Defendant will produce load files encoded using the Windows Western-European-1252

(a.k.a. ANSI or CP125) standard. The specifics of these files are detailed in (i.) and (ii.) below:

### (i.) Image Load File

- Every Document referenced in a production image load file shall have all corresponding images, text, and data logically grouped together in a directory structure with a common key to properly load the data.

- Documents shall be produced in only one image load file throughout the productions, unless that document is noted as being a replacement document in the Replacement field of the data load file.

- The name of the image load file shall mirror the name of the delivery volume, and should have an .lfp, .opt or .dii* extension (e.g., ABC001.lfp). The volume names shall be consecutive (i.e., ABC001, ABC002, et. seq.) *If .dii file is produced, the accompanying metadata load file shall be separate from the .dii file and not contained within the .dii file.*

- The load file shall contain one row per TIFF image.

- Every image in the delivery volume shall be contained in the image load file.

- The image key shall be named the same as the Bates number of the page. Load files shall not span across media (e.g., CDs, DVDs, Hard Drives, etc.), i.e., a separate volume shall be created for each piece of media delivered.

### (ii.) Metadata Load File

- The metadata load file shall use the following delimiters:

  - Column Delimiter: Pipe – | (ASCII 124)
  - Text Qualifier: Caret – ^ (ASCII 94)
  - New line: Registered sign - ® (ASCII 174)

- Data for documents shall be produced in only one data load file throughout the productions, unless that document is noted as being a replacement document in the Replacement field of the data load file.

- The first record shall contain the field names in the order of

the data set forth in Section I.B.2.g.

- All date fields shall be produced in "mm/dd/yyyy" format.

- All time fields shall be produced in "hh:mm:ss AM" format.

- A new line character (ASCII 10) shall be used to indicate the start of the next record.

- Load files shall not span across media (e.g., CDs, DVDs, Hard Drives, etc.); a separate volume shall be created for each piece of media delivered.

- The name of the metadata load file shall mirror the name of the delivery volume, and shall have a .dat, .csv or .txt extension (i.e., ABC001.dat).

- The volume names shall be consecutive for each produced source. (i.e., ABC001, ABC002, et. seq.).

- The metadata file will also contain the relative location of the OCR text file.

g. ESI will be produced to the requesting party as Static Images together with a Load/Unitization file that will contain the Metadata fields described below on the document level, except as set forth in section I.B.2.k infra. The following fields associated with each electronic document including the body of the document, will be produced in the appropriate Load/Unitization file.

|  | File Name | Field Description | Populated for (email, e-documents, e-attachments, physicals) | Sample Values |
|---|---|---|---|---|
| 1. | ProdBeg | Bates number for the first page of the document | All | Prefix-0000001 |
| 2. | ProdEnd | Bates number for the last page of the document | All | Prefix-0000002 |
| 3. | BegAttach | Bates number for the first document of the attachment | All | Prefix-0000003 |
| 4. | EndAttach | Bates number for the last document of the attachment | All | Prefix-0000005 |
| 5. | PgCount | Number of printed pages of the document | All | 2 |
| 6. | AttachmentCount | The total number of attachments including any attachments that were not processed and the contents of additional attached containers. A value of zero (0) should be returned for any files/documents without attachments. | All | 3 |
| 7. | Custodian/Source | Custodian name produced in format: Last name, First name. Where redundant names occur, individuals should be distinguished by an initial which is kept constant throughout productions (*e.g.* Smith, John A. and Smith, John B. A non-human name (i.e., server name or data name) or designation such as "loose files" can be used. | All | Smith, Jane; Smith, John A.; Smith, John B.; Taylor, Michael |
| 8. | Confidentiality | Indicates if the document has been designated as "Confidential" pursuant to any applicable Protective Order | All | Confidential |
| 9. | DocumentType | Descriptor for the type of document: "File" for electronic documents not attached to emails; "Email" for all emails; "Attachment" for files that were | All | Email |

|   | File Name | Field Description | Populated for (email, e-documents, e-attachments, physicals) | Sample Values |
|---|---|---|---|---|
|   |   | attachments to emails; and "Physicals" for hard copy physical documents that have been scanned and converted to an electronic image |   |   |
| 10. | Source File Path | The directory structure of the original file for non-emails e-documents | Only for non-email e-documents |   |
| 11. | Email Subject | Subject line of an email | Email | Text of the subject line |
| 12. | To | To extent available, all SMTP addresses of all recipients that were included on the "To" line of the email. Multiple recipients should be delimited by a semicolon. | Email | Larry.murphy@email.com |
| 13. | CC | To extent available, the email addresses of all recipients that were included on the "CC" line of the email. | Email | Sstephens44@email.com |
| 14. | BCC | To extent available, the email addresses of all recipients that were included on the "BCC" line of the email. | Email | Ceo-gs@email.com |
| 15. | Attach | The file name(s) of the documents attached to emails or e-documents. E-documents with embedded documents such as documents contained in a .ZIP file should have the embedded document name(s) listed here. Multiple files should be delimited by a semicolon. | Email, e-documents | AttachFilename1.ext |
| 16. | Doc Date | The parties shall use a single date for documents. | E-documents, e-attachments | mm/dd/yyyy hh:mm:ss AM |

|  | File Name | Field Description | Populated for (email, e-documents, e-attachments, physicals) | Sample Values |
|---|---|---|---|---|
| 17. | Title | Any value populated in the Title field of the document properties. | E-documents, e-attachments | Title |
| 18. | Subject | Any value populated in the Subject field of the document properties | Email | Subject |
| 19. | Author | Any value populated in the Author field of the document properties | E-documents, e-attachments | Author |
| 20. | DocExt | The file extension of the document is defined as the substring of the file name which follows but does not include the last occurrence of the dot character | Email, e-documents, e-attachments | htm |
| 21. | Size | Size (in bytes) of the original file. | Email, e-documents, e-attachments | 1408 |
| 22. | Folder | Email message directory | Email, e-attachments | Mailbox – Smith, Joe\Inbox\Client Materials\Crivella West\ |
| 23. | Importance | Priority | Email | Flag |
| 24. | Hash Value | Checksum for a file, a 128-bit value | Email, e-documents, e-attachments | E4d909c290d0fb1ca068ff addf22cbd0 |
| 25. | Other Sources | List of all custodians of a document in Last name, First name format based on formatting described in "Custodian/Source" field. | All | Smith, John A. and Smith, John B. |
| 26. | From | The name and email address of the sender of the email | Email | Bart.Cole@email.com |

9

This list of fields does not create any obligation to create or manually code fields that are not automatically generated by the processing of the ESI; that do not exist as part of the metadata of the document or the file system or operating system the file originates; or that would be burdensome or costly to obtain. The designation of a document as a "Protected Document" pursuant to the Protective Order of Confidentiality shall include the metadata produced for that document.

    h.    **Bates Numbering**: All images must be assigned a Bates/control number that shall always: (1) be unique across the entire document production, (2) maintain a constant length (zero/0-padded) across the entire production, (3) contain no special characters or embedded spaces, and (4) be sequential within a given document. If a Bates number or set of Bates numbers is skipped in a production, and not otherwise identified on a privilege log, the producing party will disclose the Bates numbers or ranges in a cover letter accompanying the production.

    i.    When processing ESI, **GMT** should be selected as the time zone. To the extent that a party has already processed ESI using a different time zone, the producing party will note the time zone used in its processing.

    j.    **Production of databases** or other structured data is excluded from this Order.

    k.    Electronic file collection will be "De-NISTed", removing commercially available operating system and application files contained on the current NIST file list. Identification of NIST list matches will be through SHA-1 Hash values.

    l.    Defendants will globally de-duplicate identical ESI as follows:

        (1) Electronic Files: Electronic files will be de-duplicated based upon calculated SHA-1 hash values for binary file content. File contents only will be used for

SHA-1 hash value calculation and will not include operating system metadata (filename, file dates) values.

(2) **E-mail Files**: Email files will be de-duplicated based upon SHA-1 hash values for the message family, including parent object and attachments. The following fields will be used to create the unique value for each message: To; From; CC; BCC; Date Sent; Subject; Body; and, SHA-1 hash values for all attachments, in attachment order. Email materials will be de-duplicated at a family level, including message and attachment(s).

(3) **Custodian Overlay Files**: As collected electronic materials are globally de-duplicated during system intake using the above guidelines, defendants will produce updated custodian/source information for already produced documents in metadata load file format described in section I.B.2.f.ii.

m. **Embedded Objects**: Objects embedded in Microsoft Word and .RTF will be extracted as separate documents and produced as attachments to the document.

n. **Compressed files.** Compression file types (i.e., .CAB, .GZ, .TAR, .Z, .ZIP) shall be decompressed in a reiterative manner to ensure that a zip within a zip is decompressed into the lowest possible compression resulting in individual folders and/or files.

o. **Replacement files**: Any documents that are replaced in later productions shall be clearly designated as such, by appending a "-R" to the production prefix and by a letter accompanying the production clearly designating such documents as replacements.

p. **Native Files.** The producing party does not have an obligation to produce native files except in accordance with Sections I.B.2.d and I.B.2.e. Any native files that are produced will be produced with the source file provided, as well as all extracted text and applicable metadata fields set forth in Section I.B.2.f.

q. **Privilege Log.** The parties shall provide privilege logs for documents withheld from production in accordance with Fed

11

R. Civ. P 26(b)(5) . The parties shall produce privilege logs in an electronic and searchable format.

C. **Continuing Obligations**

1. The production of any materials constituting or containing attorney-client privileged information or attorney work product shall not waive any claim of privilege and shall be addressed and governed by the Agreed Protective Order dated _____, 2019, the Federal Rules of Civil Procedure, and the Federal Rules of Evidence.

2. The parties will work with one another in good faith to resolve any issues, disputes or objections that arise in connection with electronic discovery issues before raising such matters with the court. Issues shall be raised promptly in writing, and the parties shall have good faith discussions to attempt to resolve the matter. The parties must raise any objections or other issues sufficiently in advance of the close of discovery to permit good faith negotiations to resolve the matter and briefing of any related motion such that the court has a reasonable time to rule thereon prior to the close of discovery.

Dated: May 28, 2019

Respectfully submitted:

| | |
|---|---|
| /s/ *Eric M. Przybysz* | /s/ **Ursula M. Henninger** |
| Eric M. Przybysz (*pro hac vice*) | Ursula M. Henninger |
| FEARS NACHAWATI, PLLC | KING & SPALDING LLP |
| 5473 Blair Rd. | 300 S Tryon Street, Suite 1700 |
| Dallas, TX 75231 | Charlotte, NC 28202 |
| Phone: 214.890.0711 | Phone: 704.503.2631 |
| Fax: 214.890.0712 | Fax: 704.503.2622 |
| ericp@fnlawfirm.com | uhenninger@kslaw.com |
| | |
| Janet Ward Black | *Attorney for Defendant Coloplast Corp.* |
| WARD BLACK, P.A. | |
| 208 W. Wendover Ave. | |
| Greensboro, NC 27401 | |
| Phone: 336.333.2244 | |
| Fax: 336.379.9415 | |
| jwblack@wardblacklaw.com | |

*Attorneys for Plaintiffs Betty Sue Toomey and Perry Toomey*